IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mozell Ragin, | Civil Action No. 3:12-425-CMC |
| Plaintiff, | |
| v. | **OPINION and ORDER** |
| Pilgrim's Pride Corp. of GA, Martin Crawford, and Magsheezi Spann, | |
| Defendants. | |

This matter is before the court for a preliminary determination of the existence of subject matter jurisdiction.[1] Defendants Pilgrim's Pride Corp. of GA ("Pilgrim's Pride"), Martin Crawford ("Crawford"), and Magsheezi Spann ("Spann") removed the action to this court relying on the jurisdictional provisions of 28 U.S.C. § 1332. Defendants argue that Crawford and Spann were fraudulently joined. Plaintiff is a resident and citizen of South Carolina. Crawford and Spann are residents of South Carolina, and Pilgrim's Pride is a Texas corporation with its principal place of business in Colorado. Accordingly, Crawford and Spann are citizens of South Carolina and Pilgrim's Pride is a citizen of Texas and Colorado. Defendants argue that the court should ignore the citizenship of Crawford and Spann because Plaintiff cannot establish a claim against either

---

[1] Plaintiff originally filed this action in state court on September 9, 2011. Defendant Pilgrim's Pride was served on January 23, 2012. Defendants removed the case to federal court on February 15, 2012, alleging that Crawford and Spann were fraudulently joined to defeat federal diversity jurisdiction. Dkt. No. 1. Defendants subsequently filed a motion to dismiss (Dkt. No. 4) and Plaintiff filed a motion to remand (Dkt. No. 7). The court considers jurisdictional arguments that were raised in Defendants' notice of removal and contained in the briefs filed in connection with the motion to dismiss and motion to remand.

1

Crawford or Spann. The court would have diversity jurisdiction over this matter if Pilgrim's Pride was the only Defendant.

For the reasons set forth below, the court finds that Defendants have not met their burden of proving that Crawford and Spann were fraudulently joined. Accordingly, the court remands the case to state court for lack of subject matter jurisdiction.

## STANDARD

**Removal Standard**. The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*

To be removable to federal court, a state action must be within the original jurisdiction of the district court. *See* 28 U.S.C. § 1441. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

**Fraudulent Joinder Standard**. When a plaintiff has fraudulently joined a non-diverse defendant, a district court may retain jurisdiction and disregard the non-diverse party. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party

alleging fraudulent joinder bears a heavy burden -- it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424.

The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes*, 198 F.3d at 466, or a "slight possibility of a right to relief" in state court. *Hartley*, 187 F.3d at 426.

## FACTS

Plaintiff was an employee of Pilgrim's Pride in Sumter, South Carolina. Pilgrim's Pride operates a chicken processing plant in Sumter where Plaintiff was employed as a meat cutter. Dkt. No. 1-1 at 6. On or about May 25, 2011, Plaintiff alleges that while she was suffering from a disability to her hand, she was ordered to cut the "hardest bones in the chicken" by her supervisor, Defendant Spann. Dkt. No. 1-1 at 7. According to Plaintiff, Defendant Spann "began to curse, berate and threaten [Plaintiff] and tried to deny that [P]laintiff had an injured hand although it was clearly evident to all concerned." *Id.* Plaintiff alleges that "[i]n the course of the unwarranted verbal barrage by the [D]efendant Spann, she accused the [P]laintiff in front of a number of her co-workers at the time of brandishing a knife and threatening to cut her." *Id.* One or two days later, Plaintiff was called into Defendant Crawford's office. Plaintiff alleges that Crawford told her that "he had fully investigated the matter and had determined that [P]laintiff had, in fact, attempted to physically cut and injure the [D]efendant Spann." *Id.* Plaintiff further alleges that Crawford informed her that as a result of the incident between Plaintiff and Spann, Plaintiff "was discharged from her employment."

Plaintiff alleges that the statements by Spann and the actions by Crawford on behalf of

Pilgrim's Pride "are defamatory *per se*" because the statements "charg[e] the [P]laintiff with the attempted commission of a crime and unfitness in her position as a meat cutter within the facility." *Id.* at 7-8. Plaintiff alleges that the words and actions were malicious, false, published throughout the facility, and heard by many people in the facility. She claims she suffered embarrassment, humiliation, and mental anguish, as well as the loss of her job, earning capacity, and benefits associated with her employment.

Defendants argue that Plaintiff "cannot establish a claim against Defendants Crawford and Spann." Dkt. No. 1 at 3. According to Defendants, "[i]n South Carolina, when a plaintiff alleges defamation connected to her termination of employment, the claim is recognized 'against an employer rather than an agent of the employer.'" Dkt. No. 1 at 3 (quoting *Yost v. City of Charleston*, No. 2:09-2024, 2009 WL 4162274 (D.S.C. Nov. 24, 2009)). Defendants' sole argument is that Plaintiff cannot establish a defamation claim against another employee, but only the employer, when a defamatory statement was made in connection with Plaintiff's termination.[2] Plaintiff contends that South Carolina law does not provide that "an employee may not be held liable for defamatory statements made within the course and scope of their employment." Dkt. No. 7-1 at 1. Plaintiff also contends that *Yost* did not foreclose cases against employees, but merely acknowledged that an

---

[2] In response to Plaintiff's motion to remand, Defendants argue that Plaintiff has not demonstrated a "probability of success against the individual Defendants or Pilgrim's Pride," Dkt. No. 9 at 2. Defendants contend that "Plaintiff cannot demonstrate this probability because she has not pled facts showing the statements were published to a third party, unprivileged and/or made with actual malice." *Id.* Plaintiff is not required to prove a probability of success. Rather, when considering whether certain Defendants were fraudulently joined, the court must determine whether Defendants have proven that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley*, 187 F.3d at 424. The court will not examine whether the allegations in the complaint are sufficient to survive a motion to dismiss because the court must first determine jurisdiction.

4

employer, as principal, may be held liable for defamatory statements made by its employees, as agents. *Id.* at 2.

Defendants have cited only one case – *Yost* – to support their proposition that South Carolina does not recognize a defamation claim against a fellow employee, but only the employer, when a defamatory statement was made in connection with termination. In *Yost*, plaintiff was terminated from his employment with the City of Charleston. Prior to his termination, money went missing from his workplace and a criminal investigation ensued, during which plaintiff was placed on administrative leave. Shortly thereafter, plaintiff was asked to resign, but he refused and was terminated. According to plaintiff, soon after he was fired, two other City employees were punished based on the results of the investigation. Plaintiff sued the City for violation of his due process rights and several supervisors and co-workers for defamation. The court granted the individual defendants' motion to dismiss plaintiff's defamation claim because the complaint failed to allege any statements by the individuals. The court also considered whether plaintiff had pled a defamation claim based on "insinuations or impressions created by the proximity in time between his termination and the resignation and punishment of other employees implicated in the investigation of the missing money." The court stated that "[w]hile Plaintiff has sufficiently pleaded a claim for defamation, the cases that have addressed defamation claims based [on] the termination of one's employment have recognized the claim against an employer rather than an agent of the employer." *Id.* at *11. Recognizing that a principal may be held liable for defamatory statements or insinuations made by an agent within the scope of his employment, the court dismissed the claim of defamatory insinuation against the individual defendants and suggested that plaintiff amend his complaint to bring a defamation claim against the City of Charleston.

5

*Yost* cites to two South Carolina district court cases which have recognized a defamation claim against the employer based on a plaintiff's termination: *Duvall v. Honeywell Technologies Solutions, Inc.*, No. 9:06-3544, 2008 WL 350999 (D.S.C. Feb. 6, 2008); *Hampton v. Conso Products, Inc.*, 808 F. Supp. 1227 (D.S.C. 1992).[3] Neither case supports Defendants' interpretation of the law nor discusses this issue. They are merely examples of cases in which a former employee brought a defamation claim against their employer for statements made in connection with the employee's termination.[4] Neither case discusses whether the former employee could also bring a defamation claim against his former supervisor or co-worker who allegedly made the defamatory statements.

Without any other authority, the court cannot conclude that South Carolina does not recognize a defamation claim by a terminated employee against his supervisors who, while acting in the scope of their employment, made defamatory statements in connection with plaintiff's termination. And, even assuming that a defamation claim by a terminated employee against his supervisors for statements made in connection with termination cannot be sustained, Spann's alleged

---

[3] *Yost* also cites to one South Carolina Court of Appeals case: *Wilson v. Ward*, No. 89-MO-125, 1989 WL 380480 (S.C. Ct. App. 1989). This case similarly does not address the issue of whether a terminated employee may bring a claim of defamation arising out of termination against individual employees or only the employer. In *Wilson*, the court granted summary judgment in favor of the individual employee on plaintiff's defamation claim because the employee's statement – that plaintiff resigned for personal reasons – did not imply that plaintiff was guilty of a crime. Further, the court granted summary judgment in favor of the employer on plaintiff's defamation by insinuation claim. The court found that the employee's termination was susceptible to many meanings, but that none of the possible meanings was that plaintiff was guilty of a murder to which someone else had confessed.

[4] Defendants have established that a principal may be held liable for the defamatory statements of its agents in South Carolina. However, it does not necessarily follow that agents are not also liable.

statements were made *prior* to termination. Defendants have not establish that Plaintiff's defamation claims against Defendants Crawford and Spann are barred under South Carolina law.

The court expresses no opinion as to the merits of the claims against any Defendant, but merely finds that Defendants have not carried the heavy burden required to establish fraudulent joinder of Crawford and Spann. The court, therefore, remands the case to the Court of Common Pleas for the Third Judicial Circuit, Sumter County, S.C.

**IT IS SO ORDERED.**

                                                  S/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 11, 2012